PEOPLE v. LEHMAN. (No. 6894.)

(Supreme Court, Appellate Division, First Department. March 12, 1915.)

1. CRIMINAL LAW ☞1059—APPEAL—GROUNDS OF REVIEW—"EXCEPTION."

Asking that a refused charge be spread on the record is not an "exception" to it, sufficient to bring it up for review.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2671; Dec. Dig. ☞1059.

For other definitions, see Words and Phrases, First and Second Series, Exception.]

2. CRIMINAL LAW ☞1056—APPEAL—OBJECTIONS IN LOWER COURT—NECESSITY.

In case where there is a serious doubt as to the guilt of defendant, the appellate court has power to review refused instructions without an exception thereto.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2668, 2670; Dec. Dig. ☞1056.]

Appeal from Bronx County Court.

Augusta Lehman was convicted of crime, and she appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

C. L. Jordan, of New York City, for appellant.
James A. Donnelly, of New York City, for the People.

PER CURIAM. [1, 2] An examination of the testimony in this case has satisfied us that the defendant was clearly guilty. There were, however, requests to charge in relation to the character of the complaining witness as affecting her credibility which the defendant was entitled to have charged. But the counsel for the defendant took no exception to the refusal to charge, merely asking that the request to charge be spread upon the record. This is not equivalent to an exception. While, in a case where there is serious doubt about the guilt of the defendant, the court would be justified in reversing without an exception, in consequence of the great preponderance of proof upon the trial showing the guilt of the defendant, we do not feel called upon to reverse this judgment in the absence of an exception.

The judgment is therefore affirmed.